# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2535 | **DATE** | 4/17/2012 |
| **CASE TITLE** | Nugent vs. Wihse, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* [4] and for appointment of counsel [5] are denied. The complaint is dismissed for lack of jurisdiction. The case is terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Joanne Nugent has presented a complaint for filing, along with an application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees. Plaintiff names as defendants the City of DesPlaines, the Des Plaines Police Department, City Attorney David Wihse, and Police Officer Adam Skotnicki. The complaint alleges that Officer Skotnicki at an unspecified time came to Nugent's home after she had called for assistance, and that while there he behaved unprofessionally in a number of ways, such as telling her he heard someone in a closed room, distrusting her brother-in-law who arrived while the officer was present, and giving her advice that she believed inappropriate, all causing her to feel uncomfortable. The complaint alleges that Skotnicki gave Nugent a false name and badge number when she requested his identity. Nugent made a complaint to the Police Department, which conducted an investigation and determined that Skotnicki's conduct had been improper. He was given a formal reprimand. Now Nugent believes she is being followed either by Skotnicki or at his behest, although she is not sure. She claims to have suffered emotional harm in the form of nightmares, migraine headaches, anxiety and depression. She asks for damages in the amount of $75,000.

It is well established that *pro se* complaints are to be liberally construed. *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the lawsuit. *See Cook* v. *Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Id.* To be "wholly

**STATEMENT**

insubstantial and frivolous," however, the complaint must be "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182 (quoting *Hagans* v. *Lavine*, 415 U.S. 528, 536–39, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams* v. *Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (internal quotation marks and citations omitted), *aff'd sub nom. Neitzke* v. *Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

This complaint is frivolous because it lacks necessary elements of a properly pleaded complaint. *See* Fed. R. Civ. P. 8(a) (A complaint must contain (1) a short and plain statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing the pleader is entitled to relief, and (3) a demand for the relief the pleader seeks.) The complaint does not allege a basis for federal court jurisdiction. Although the allegations imply violation of Nugent's civil rights, they do not set forth facts that would permit even a colorable inference that Nugent's civil rights have been violated. She was not arrested, so there can be no arrest without probable cause. The officer "never touched [her]," so there can be no excessive force. (Compl. at 14.) Although stalking by an officer suggests the possibility of a civil rights violation, *Christensen* v *County of Boone, Ill.*, 483 F.3d 454 (7th Cir. 2007), held that an officer's watching and trailing two residents of a municipality did not deprive them of their right to privacy, freedom of association, freedom from unreasonable search and seizure, or substantive due process. The allegations here are considerably less egregious than those in *Christensen* in that Nugent only suspects, but is not sure, that Skotnicki is engaging in such conduct. Such a claim could not succeed in light of *Christensen*.

For these reasons, the plaintiff's petition for leave to proceed IFP must be denied and the complaint dismissed for lack of subject matter jurisdiction.